UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THERAPYCARE RESOURCES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:03-cv-2020-LJM-WTL |
| | ) | |
| CARPAL THERAPY, INC., | ) | |
|     Defendant. | ) | |

**ORDER ON PLAINTIFF'S FOURTH MOTION TO ENFORCE
CONSENT JUDGMENT, FOR CONTEMPT & FOR SANCTIONS**

This cause is before the Court on plaintiff's, TherapyCare Resources, Inc. ("TherapyCare"), Fourth Motion to Enforce the Consent Judgment, for Contempt and for Sanctions. TherapyCare contends that defendant, Carpal Therapy, Inc., continues to make promotional use of the term "Graston" on its website, www.sastm.com, in violation of the Consent Judgment and the Court's subsequent orders on Carpal Therapy's motions to set aside the Consent Judgment. Carpal Therapy contends that it has properly used the term in the context of identifying the company's owner, David A. Graston, as set forth in the Court's orders.

For the reasons stated herein, the Court **GRANTS** TherapyCare's Motion to Enforce Consent Judgment, for Contempt and for Sanctions.

**I. BACKGROUND**

On December 19, 2003, TherapyCare filed the instant suit alleging, among other claims, that Carpal Therapy was infringing its trademark of "Graston Technique," by using the terms "Graston Method" and/or "Graston-Hall Method" to describe Carpal Therapy's IASTM methodology. Compl.

¶¶ 30-32. On September 2, 2004, the Court held a hearing on TherapyCare's Motion for Preliminary Injunction on all of its claims.

On the morning of the preliminary injunction hearing, the parties indicated to the Court that they might be able to settle all claims, except the patent infringement claim, including claims that alleged trademark infringement, unfair competition and false advertising under the Lanham Act, common law unfair competition, and copyright infringement. The Court offered to allow the parties the use of the courtroom and the witness room to negotiate such a settlement. The parties did negotiate an agreement and such agreement was read into the record on September 2, 2004. When the Court asked Carpal Therapy whether or not what was read into Court was Carpal Therapy's understanding of the agreement, Carpal Therapy's counsel responded: "Yes, Your Honor, I believe he accurately stated our agreement." Hr'g Tr. at 5.

On September 10, 2004, TherapyCare, by counsel, docketed a written version of the consent judgment for the Court's signature. On September 25, 2004, Carpal Therapy, by counsel, submitted a "Notice Regarding Consent Judgment," in which Carpal Therapy expressed concern that some language regarding the intent of the parties be added. The Court found that the consent judgment read into the record, and the written proffer clearly delineated the intent of the parties and on September 20, 2004, the Court entered the consent judgment, substantially unchanged from the version submitted to it on September 10, 2004.[1]

The consent judgment reads, in relevant part:

---

[1] An amended version was later submitted by the parties to correct certain spellings in the document; the Court granted TherapyCare's motion to make those corrections. The text of the consent judgment here reflects the corrected version.

**CONSENT JUDGMENT**

The parties have reached by mutual agreement to resolve all of the issues except the patent issues, including plaintiff's, TherapyCare Resources, Inc. ("TherapyCare"), claims against defendant, Carpal Therapy, Inc. ("Carpal Therapy"), alleging trademark infringement, unfair competition and false advertising under the Lanham Act, common law unfair competition, and copyright infringement, and to agree to an entry of consent judgment in favor of TherapyCare on all of those issues to include the following terms:

Carpal Therapy for purposes of this agreement and judgment means Carpal Therapy, Inc., David Graston and all dealers, distributors and instructors or others who promote Carpal Therapy's goods and/or services;

By October 4 of 2004, Carpal Therapy will remove all allegedly false statements from all materials and supply modified copies of offending materials to the firm of Barnes & Thornburg to be reviewed under Attorney's Eyes Only designation;

By October 4 of 2004, Carpal Therapy will cease distributing and/or using all copies of its manual or other materials that contain allegedly copied portions, including portions found at page 15 through 22, 29 through 31, 33 through 46, 49 through 53 and 55 through 60 of Carpal Therapy's current manual.

If Carpal Therapy elects to publish a different manual, that manual will not contain any portions copied from Therapy Care Resources. The manual otherwise will comply with the trademark provisions of this agreement and Carpal Therapy will send replacement copies of the modified manual to its existing customers.

By October 4 of 2004, Carpal Therapy will use the word Graston only to refer to David A. Graston and then only in a font or typeface identical to the surrounding copy or text in which it is placed.

By October 4 of 2004, Carpal Therapy will not use, publish or encourage the use of the term Graston as part of a trademark, trade name, d/b/a, domain name, or in connection with any product or service or promotion of any product or service in competition with Therapy Care, such as for example use in a title, in a heading, as part of a label, or on Carpal Therapy's tools.

These trademark provisions or enforceable against both Carpal Therapy and David A. Graston, personally.

By November 3 of 2004, Carpal Therapy will request the return of existing tools and send a set of replacement tools to the following five entities: BMW, the University of Miami, Bloomington Hospital Inc. - Rebound, Dale J Buchberger, DC, and James T. Kurtz, DC.

The Parties agree to these terms and request the entry of an order and consent judgment consistent with those terms.

IT IS SO ORDERED this 20th day of September, 2004.

On November 15, 2004, TherapyCare filed its first Motion to Enforce Judgment. TherapyCare contended that Carpal Therapy had violated the terms of the Consent Judgment when it used the phrase "David A. Graston's Latest" in a sponsored link on the internet. The Court agreed with TherapyCare that this term was a "heading" and therefore violated the clause of the Consent Judgment that prohibited the use of the term "Graston" in a heading.

On January 31, 2005, TherapyCare filed its Second Motion to Enforce Consent Judgment. In that motion, TherapyCare contended that Carpal Therapy had violated the terms of the Consent Judgment when it continued to use the term "David A. Graston's newest" in sponsored links, when it used "David A. Graston introduces . . ." as a heading on promotional literature, and when it used "David A. Graston introduces . . ." as a heading for a banner used at a trade show. The Court agreed with TherapyCare on the basis of the use of the terms in a promotional fashion.

On March 2005, Carpal Therapy filed a Motion to Reconsider, the Court's February 23, 2005, Order, and a Motion to Set Aside Consent Judgment, February 23, 2005, and December 2, 2004, Orders Pursuant to Federal Trial Rule 60(b). The Court held a hearing on these matters on August 26, 2005. On September 2, 2005, the Court denied both of those motions. However, in that Order, the Court stated:

> As the Court has already pointed out, although perhaps not as specifically as it does here, Carpal Therapy may use Graston's name on such ordinary business items as business cards and personalized business stationary to identify Graston as an individual, however, it may not use Graston's name for promotional purposes of products or services in competition with TherapyCare. In other words, there are general business purposes that are not promotional. However, when the use of Graston's name is for a promotional purpose, such as on a banner at a trade show or as the key phrase in a sponsor link, such uses are promotional purposes and/or headings, which are not allowed under the Consent Judgment.

*TherapyCare Resources, Inc. v. Carpal Therapy, Inc.*, 1:03-cv-02020-LJM-WTL, Order, Sept. 2, 2005, at 7.

On June 20, 2005, Carpal Therapy filed a Motion to Set Aside Judgment of September 20, 2004, (And Related Subsequent Orders) Under Rule 60(b) and to Declare Invalidity and Cancellation of Trademark Registration No. 2,680,924 Under 15 U.S.C. Sec. 1119. On September 2, 2005, the Court mooted the portion of that motion that was in the form a declaratory judgment. On October 20, 2005, the Court denied this motion.

On October 11, 2005, TherapyCare filed the instant motion.

## II. CIVIL CONTEMPT STANDARD

A party may be held in civil contempt if it violates "'an order that sets forth in specific detail an unequivocal command from the [C]ourt.'" *Tranzact Tech., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) (quoting *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)). Sanctions may be imposed on the party who is held in civil contempt for two reasons: to compel compliance with the [C]ourt order and to compensate the complainant for losses caused by contemptuous conduct. *Id.* Attorneys' fees may also be awarded at the Court's discretion. *Id.* (citing *CFTC v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981)).

## III. DISCUSSION

TherapyCare complains that notwithstanding the terms of the Consent Judgment and the subsequent orders of this Court interpreting the terms of the Consent Judgment, Carpal Therapy uses the term "Graston" on its website eighty-six times. Because the website is Carpal Therapy's

5

principal form of advertising and acts as a "virtual storefront," the use of the term "Graston" on the website is "promotional" and prohibited. TherapyCare also complains that instead of decreasing the use of the term on its website since the Court's orders interpreting the Consent Judgment, Carpal Therapy as increased its use. For example, David Graston posted his resume on the website in which he makes pervasive use of the term "Graston," some in the context of his own name. Furthermore, the website now contains a disclaimer that Carpal Therapy is not associated with TherapyCare, however, the disclaimer uses the word "Graston" twice, and appears approximately nineteen times in different sections of the website. TherapyCare argues that these uses, and all other uses of the term "Graston" on the website violate the spirit and the letter of the Consent Judgment and the Court's orders to enforce that judgment.

Carpal Therapy views its use of the term "Graston" on its website much differently. Carpal Therapy contends that it only uses the term to refer to the owner of the company, David Graston, and the terms of the Consent Judgment and the Court's orders interpreting the judgment do not prohibit such use. Carpal Therapy asserts that the uses of "David Graston" on its website either refer to the owner of the company, provide related factual information or provide relevant contact information. Moreover, Carpal Therapy avers that its use of the term "David Graston" on its website is not promotional, but "an ordinary instrument of business" like business cards and stationery, or rather, a medium through which third parties obtain information about Carpal Therapy. Def.'s Br. in Opp'n at 7-10. In any event, Carpal Therapy urges the Court to look at the context in which the term is used to determine whether or not it violates the Consent Judgment.

The Court finds that some use of the term "David A. Graston" is appropriate on Carpal Therapy's website as that term is descriptive of the owner of Carpal Therapy, however, the Court

agrees with TherapyCare that the primary use of the website by Carpal Therapy is promotional and therefore, not every use of the term is appropriate. Carpal Therapy crosses the line drawn by the Consent Judgment and, subsequently, the Court's orders when it encourages visitors to the website to contact David Graston to order their custom made set of instruments. In addition, the Court agrees with TherapyCare that the appearance of the disclaimer on every page of Carpal Therapy's website (save David Graston's resume in which the term "Graston Technique" appears quite frequently in other forms) goes beyond what is necessary to inform visitors that Mr. Graston is no longer associated with TherapyCare or its product line. Similarly, the Court is troubled by the fact that David A. Graston's resume only recently appeared on the website, and as previously mentioned, contains the term "Graston Technique" in numerous places. These references to "Graston" and the "Graston Technique," coupled with the website's intent to inform the visitor that David Graston invented the "Graston Technique" is a blatant attempt to capitalize on the goodwill associated with the term "Graston Technique" in the instrument assisted soft tissue mobilization industry. This is exactly what the Consent Judgment is meant to prevent Carpal Therapy from doing.

For this reason, the Court finds that Carpal Therapy has violated the terms of the Consent Judgment and this Court's subsequent orders that interpret, to a certain degree, the terms of the Consent Judgment. Specifically, Carpal Therapy's disclaimer unnecessarily appears on every major page of the website. In addition, a single reference to the "Graston Technique" on the website would seem sufficient to the Court to convey the "historical perspective" of Mr. Graston's experience in the instrument assisted soft tissue mobilization industry, without unduly burdening prohibiting him from using his name, and to disassociate Mr. Graston and Carpal Therapy from the "Graston Technique." Similarly, Carpal Therapy should be mindful of the use of the term "Graston

7

Technique" in Mr. Graston's resume as multiple uses of the term goes beyond what is necessary to identify Mr. Graston's successes or to relate the history of Carpal Therapy. For example, there is no prohibition in the Consent Judgment on Carpal Therapy's use of the phrase "pioneer in the IASTM industry" to describe Mr. Graston and his history in relation to the technique now owned by TherapyCare.

Because this is the fourth time that TherapyCare has alerted the Court that Carpal Therapy has violated the terms of the Consent Judgment, the Court finds that sanctions are appropriate in this case. Moreover, the Court finds that the increase in the number of times that Carpal Therapy uses the term "Graston" on its website, and the appearance of the disclaimer on every page of the website even after the Court attempted to clarify its interpretation of the Consent Judgment in several orders evidences Carpal Therapy's intent to prolong unnecessarily this litigation.

It is clear to the Court that the parties in this cause would benefit from outside mediation of the issues that continue to prolong this case, and as such, has made participation in such mediation part of the remedy for Carpal Therapy's violation of the Consent Judgment.

For the foregoing reasons, the Court orders the following:

1. Defendant, Carpal Therapy, Inc., shall immediately remove the disclaimer from all but the home page of its website;

2. Defendant, Carpal Therapy, Inc., shall immediately make further modifications to the material on its website to conform with this Order;

3. Defendant, Carpal Therapy, Inc., shall pay plaintiff's, TherapyCare Resources, Inc., attorneys' fees for litigating this Fourth Motion to Enforce Consent Judgment, for Contempt and for Sanctions. TherapyCare shall submit a claim for such attorneys' fees within ten days of the date of this Order; and

    4.       The parties shall contact John C. McNett, at Woodard, Emhardt, Moriarty, McNett & Henry LLP, 111 Monument Circle, Chase Tower, Suite 3700, Indianapolis, Indiana, 46204-5137, 317-634-3456, who has agreed to mediate this case, to set up a mutually beneficial time for parties to appear with counsel to resolve this dispute. Fees for the mediation shall be paid two thirds by defendant, Carpal Therapy, Inc., and one third by plaintiff, TherapyCare Resources, Inc. The parties shall report their progress to the Court within thirty days from the date of this Order.

## IV. **CONCLUSION**

For the following reasons plaintiff's, TherapyCare Resources, Inc., Motion to Enforce Consent Judgment, for Contempt and for Sanctions is **GRANTED**. The parties shall proceed as ordered herein.

IT IS SO ORDERED this 16th day of December, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Michelle Kaiser Bray
SOMMER BARNARD ATTORNEYS, PC
mbray@sommerbarnard.com

Mary Jane Frisby
BARNES & THORNBURG
mfrisby@btlaw.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Arlene Rochlin
arochlin@sbcglobal.net

Distributed via U.S. Postal Service to:

John C. McNett
WOODARD, EMHARDT, MORIARTY MCNETT
   & HENRY LLP
111 Monument Circle
Chase Tower, Suite 3700
Indianapolis, IN  46204-5137